# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHAWN MINSHALL, LISA VICTORIA MINSHALL, LAUREN VICTORIA MINSHALL<br><br>v.<br><br>HARTMAN EQUINE REPRODUCTION CENTER, P.A | § § § § § § § § § Civil Action No. 4:15-CV-00764-ALM<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment on Claims Asserted in Plaintiffs' Second Amended Complaint (Dkt. #50) and Defendant's Motion for Summary Judgment on Claims Asserted in Plaintiffs' Third Amended Complaint (Dkt. #68). After reviewing the relevant pleadings, the Court finds that the Motion for Summary Judgment on Claims Asserted in Plaintiffs' Second Amended Complaint should be granted in part and denied in part. Defendant's Motion for Summary Judgment on Claims Asserted in Plaintiffs' Third Amended Complaint should be denied.

### BACKGROUND

Plaintiffs are the owners of a thoroughbred racing operation, Minshall Farms. Defendant Hartman Equine Reproduction Center, P.A. ("Defendant") is a stallion station and veterinarian practice operated by Dr. David Hartman ("Dr. Hartman"). In the spring of 2012, Plaintiffs began searching for a horse to breed with their mare, Miss Tassa Lena. Miss Tassa Lena is a carrier of Hereditary Equine Regional Dermal Asthenia ("HERDA"), a genetic skin disease which results in large lesions over a horse's body, as well as hyperextensible skin and scarring. Plaintiffs sought to breed Miss Tassa Lena with a horse that was not a carrier of the HERDA gene to avoid any risk of foaling and raising a HERDA affected horse. In April 2012, Lauren Victoria

Minshall ("Lauren") approached Ed and Shona Dufurrena (the "Dufurrenas") about breeding their horse, Auspicious Cat, with Miss Tassa Lena. Auspicious Cat is a descendant of High Brow Cat, a famous horse known to be a HERDA carrier. Lauren specifically asked the Dufurrenas whether Auspicious Cat was a HERDA carrier and they verbally represented to Lauren that he had a genetic profile of "N/N," meaning he tested double negative for the HERDA gene. The Dufurrenas also published advertisements indicating that Auspicious Cat was not a HERDA carrier.

On or about April 15, 2012, Plaintiffs entered into a Stallion Service Contract with Defendant to breed Miss Tassa Lena with Auspicious Cat. The Stallion Service Contract does not contain any terms or representations regarding Auspicious Cat's or the resulting foal's HERDA status. As part of the breeding process, Defendant agreed with the Dufurrenas to collect the stallion and facilitate the shipment of semen to Plaintiffs. Defendant charged a "chute fee" for the service of collecting and shipping the semen to Plaintiffs. Defendant did not represent to Plaintiffs that Auspicious Cat's HERDA status was double negative. Defendant's website likewise did not contain information regarding Auspicious Cat's HERDA status. Dr. Hartman testified that there was a two in three chance Auspicious Cat was a HERDA carrier. Dr. Hartman twice raised Auspicious Cat's HERDA status with the Dufurrenas, noting that many of High Brow Cat's descendants were HERDA carriers, but the Dufurrenas stated that Auspicious Cat was not a carrier. Melinda DeFreece ("DeFreece"), Defendant's office manager, received at least three inquiries regarding Auspicious Cat's HERDA status. DeFreece referred those inquiries to the Dufurrenas and on one occasion replied to a potential client that Auspicious Cat was HERDA "N/N." Dr. Hartman did not ask the Dufurrenas to test Auspicious Cat for HERDA.

On April 25, 2013, Miss Tassa Lena gave birth to the foal, Dr. Ozz. In April 2015, Plaintiffs received a call from Dr. Ozz's trainer informing them that after a few saddlings, Dr. Ozz developed a "large painful area over his back due to an apparent thickening of his skin." Plaintiffs tested Dr. Ozz for HERDA and on May 1, 2015, learned that Dr. Ozz has a genetic profile of "HRD/HRD," meaning he is affected with HERDA. During the course of the litigation, Plaintiffs discovered that in October 2009, the Dufurrenas tested Auspicious Cat for HERDA and learned he had the genetic profile of "N/HRD," meaning he is a HERDA carrier.

On February 26, 2016, Plaintiffs filed a Second Amended Complaint alleging (1) violations of the Texas Deceptive Trade Practices Act; (2) breach of contract; (3) negligent misrepresentation and negligence; and (4) fraud by nondisclosure (Dkt. #35). On April 7, 2016, Plaintiffs filed a Third Amended Complaint additionally alleging (5) fraud; (6) joint enterprise; (7) civil conspiracy; and (8) aiding and abetting (Dkt. #38). On May 19, 2016, Defendant filed a Motion for Summary Judgment on Claims Asserted in Plaintiffs' Second Amended Complaint (Dkt. #50).[1] On June 6, 2016, Plaintiffs filed a response (Dkt. #54) and on August 19, 2016 filed an amended response (Dkt. #63). Defendant filed a reply to Plaintiffs' response on August 26, 2016 (Dkt. #65). On September 9, 2016, Defendant filed a Motion for Summary Judgment on Claims in Plaintiffs' Third Amended Complaint (Dkt. #68). On September 23, 2016, Plaintiffs filed a response (Dkt. #70). Defendant filed a reply to Plaintiffs' response on September 28, 2016 (Dkt. #72).

---

[1] On April 28, 2016, the Court granted Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Complaint and denied Plaintiffs' Motion to file Plaintiffs' Second Amended Original Complaint as moot (Dkt. #42). Rather than deny Defendant's Motion for Summary Judgment on Claims Asserted in Plaintiff's Second Amended Complaint (Dkt. #50) as moot, the Court will consider the motion to the extent it addresses claims asserted in Plaintiffs' Third Amended Complaint.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . .

unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

*Breach of Contract*

Plaintiffs contend that Defendant breached the Stallion Service Contract by "failing to provide a stallion that was free from the HERDA gene." To succeed on a breach of contract claim, Plaintiffs must establish (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 813 (Tex. App. 2013). Here, the Stallion Service Contract did not contain any terms or representations regarding Auspicious Cat's or the foal's HERDA status (Dkt. #63, Exhibit 10). The Stallion Service Contract "contains the entire agreement between the parties and may be amended only in writing signed by each of the parties." (Dkt. #63, Exhibit 10). Plaintiffs have not produced evidence of any additional writing signed by the parties regarding Auspicious Cat's or the resulting foal's HERDA status. Defendant's motion for summary judgment on Plaintiffs' breach of contract claim is therefore granted.

*Additional Claims*

After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law on Plaintiffs' (1) Texas Deceptive Trade Practices Act; (2) negligent misrepresentation and negligence; (3) fraud by nondisclosure; (4) fraud; (5) joint enterprise; (6) civil conspiracy; and (7) aiding and abetting claims. The case should proceed to trial on Plaintiffs' remaining claims.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment on Claims Asserted in Plaintiffs' Second Amended Complaint (Dkt. #50) is hereby **GRANTED** in part and **DENIED** in part. Defendant's Motion for Summary Judgment on Claims Asserted in Plaintiffs' Third Amended Complaint (Dkt. #68) is hereby **DENIED**.

**SIGNED** this 8th day of November, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE