# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHAWN MINSHALL, LISA VICTORIA MINSHALL, LAUREN VICTORIA MINSHALL <br><br> v. <br><br> HARTMAN EQUINE REPRODUCTION CENTER, P.A. | § § § § § § § § § Civil Action No. 4:15-CV-00764-ALM <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Strike Errata Sheet Changes of Plaintiffs' Expert, Nena Winand, DVM's Deposition (Dkt. #77). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Defendant deposed Plaintiffs' expert, Dr. Nena Winand ("Dr. Winand"), on August 2, 2016. On September 13, 2016, Plaintiffs' counsel sent Defendant an eight page errata sheet containing thirty four changes to Dr. Winand's deposition testimony. Many of the changes substantively altered the original deposition testimony and replaced the original responses with contradictory, new responses. For example, on several occasions, Dr. Winand changed her response from being aware of certain policies to not being aware of the policies (Dkt #76 at p. 3–6; Dkt. #76, Exhibit 1).

On September 30, 2016, Defendant filed a motion to re-depose Dr. Winand (Dkt. #73). On October 4, 2016, the Court held a hearing regarding the motion to re-depose. The Court granted the motion on October 5, 2016, and gave Defendant the option to re-depose Dr. Winand or file a motion to strike (Dkt. #75). On October 13, 2016, Defendant filed the pending Motion to Strike Errata Sheet Changes (Dkt. #77). On October 17, 2015, Plaintiffs filed a response.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 30(e)(1) provides that:

> [o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

FED. R. CIV. P. 30(e)(1). The Fifth Circuit has not ruled on the scope of permissible substantive corrections to a deposition under Rule 30(e). There are "two lines of cases . . . regarding the degree to which a deponent should be allowed to change the substance of his testimony after the fact." *Raytheon Co. v. Indigo Sys. Corp.,* No. 4:07-CV-109, 2009 WL 424773, at *2 (E.D. Tex. Feb. 18, 2009). "The majority of federal courts place no limit on the nature of the changes a witness may make to the substance of his testimony" and allow "both the original and amended versions of changed deposition testimony to remain in the record, leaving the witness to explain the changes to a likely skeptical jury." *Id.* (citations omitted); *see also Reilly v. TXU Corp.*, 230 F.R.D. 486, 489-90 (N.D. Tex. 2005). Courts also note whether a party filed an errata sheet before moving for summary judgment and whether the party cited the deposition in its motion for summary judgment. *Id.* However, a minority of courts have held that "Rule [30] cannot be interpreted to allow one to alter what was said under oath." *Id.* (citing *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992)).

## ANALYSIS

Here, Dr. Winand made several substantive changes to her deposition testimony and included contradictory responses in her errata sheet. However, the parties did not cite Dr. Winand's deposition or the errata sheet changes in their summary judgement briefings. Further, Defendant will have the opportunity to explore the changes Dr. Winand made to her deposition testimony in front of the jury. Dr. Winand's errata sheet will be allowed to remain in the trial record, along with the original version of the transcript.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Strike Errata Sheet Changes of Plaintiffs' Expert, Nena Winand, DVM's Deposition (Dkt. #77) is hereby **DENIED**.

**SIGNED this 17th day of November, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE