# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

SHAWN MINSHALL, LISA VICTORIA §
MINSHALL, LAUREN VICTORIA §
MINSHALL §
§ Civil Action No. 4:15-CV-764
v. § Judge Mazzant
§
HARTMAN EQUINE REPRODUCTION §
CENTER, P.A. §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Entry of Judgment (Dkt. #132). Having considered the motion and the pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This civil action proceeded to a jury trial on February 27, 28 and on March 1, 2, 3, 6, and 7, 2017. Plaintiffs alleged Defendant was liable for (1) violations of the Texas Deceptive Trade Practices Act; (2) negligent misrepresentation; (3) negligence; (4) fraud; (5) joint enterprise; (6) civil conspiracy; and (7) aiding and abetting after Otto, a foal Plaintiffs bred at Defendant veterinary clinic, contracted Hereditary Equine Regional Dermal Asthenia ("HERDA"), a genetic skin disease.

The jury returned a verdict on March 7, 2017. The jury found that Plaintiffs proved by a preponderance of the evidence that Defendant's negligence proximately caused Plaintiffs' damages (Dkt. #131, Question 7). The jury found no liability against Defendant as to Plaintiffs claims for violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, fraud, joint enterprise, civil conspiracy, and aiding and abetting (Dkt. #131). The parties dispute the measure of damages for Plaintiffs' negligence claim and whether the Court should award

attorneys' fees.  The Court finds Plaintiffs are entitled to $3,000 in damages and are not entitled to an award of attorneys' fees.

*Damages*

At the conclusion of the evidence, the Court submitted final instructions to the jury providing specific factors for the jury to consider when awarding damages for each specific cause of action (Dkt. #124).  The Court instructed the jury that if it found Defendant negligent, in awarding damages it should consider "the difference, if any, in the market value of Otto and the market value Otto would have had if he had not been HERDA-affected." (Dkt. #124 at p. 23).  *See Pasadena State Bank v. Isaac*, 228 S.W.2d 127 (Tex. 1950) (holding that "the general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property"); *Texas Pattern Jury Charges: Negligence* § 31.3 (2016).  For the other causes of action Plaintiffs alleged, the Court instructed the jury that it could consider additional factors in determining damages, such as the reasonable and necessary expenses related to foaling, raising, boarding, and training Otto in the past and future and Plaintiffs' lost profits (Dkt. #124 at p. 21-24).  *See Texas Pattern Jury Charges: Business* §§ 115.9-10; 115.20-21.

As requested by the parties, the verdict form contained one question regarding compensatory damages (Dkt. #131, Question 14).  The question instructed the jury to answer "what sum of money . . . would fairly and reasonably compensate Plaintiffs for their damages, if any, that were a producing or proximate cause of the occurrence in question" (Dkt. #131, Question 14).  The jury found the following damages:

- $30,000 for the difference in value Otto would have had if he had not been HERDA-affected;

2

- $28,408 for the reasonable and necessary expenses related to foaling, raising, boarding, and training Otto in the past;

- $75,000 for the reasonable and necessary expenses, in reasonable probability, the Plaintiffs will incur related to caring for Otto in the future;

- $30,000 for lost profits, in reasonable probability, Plaintiffs will sustain in the future.

(Dkt. #131, Question 14). The jury thus found compensatory damages totaling $163,408. The jury further found that Defendant was ten percent responsible for Plaintiffs' injury (Dkt. #131, Question 19).

Plaintiffs argue that they are entitled to $16,340.80 in damages because the jury found Plaintiffs suffered damages of $163,408 (Dkt. #132 at p. 3). Plaintiffs argue that "notwithstanding the jury instruction on negligence, compensatory damages for economic losses proximately caused by a party's negligence are available to the prevailing party as a matter of law in Texas." (Dkt. #132 at p. 3). Defendant responds that pursuant to the Court's instructions, the only recoverable damage for negligence was the difference in the market value of Otto, which the jury found was $30,000. Defendant states that Plaintiffs are only entitled to $3,000 because the jury found Defendant was ten percent responsible for Plaintiffs' injury (Dkt. #133 at p. 2–3).

The Court finds that Plaintiffs are entitled to $3,000 in damages. The general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property. *Pasadena State Bank v. Isaac*, 228 S.W.2d 127 (Tex. 1950); *J & D Towing, LLC v. Am. Alternative Ins. Corp.*, 478 S.W.3d 649, 661 (Tex. 2016). Although economic damages are also available to a prevailing party in a negligence action, *see Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977), Plaintiffs did not object

to the Court's instruction limiting negligence damages to the difference in the market value of Otto. The jury only found Defendant negligent and did not find Defendant liable under any other cause of action.

Plaintiffs further argue that Defendant waived its right to object to any inconsistency in the jury instructions, which limited negligence damages to Otto's fair market value, and the jury verdict, which did not limit the types of compensatory damages that the jury could award for each cause of action. However, "the Fifth Circuit has repeatedly held that a jury's answers are not irreconcilably inconsistent when potentially inconsistent answers were in response to questions that the jury should not have answered." *Oyefodun v. City of New Orleans*, No. CIV.A. 98-3283, 2001 WL 775574, at *3 (E.D. La. July 9, 2001), *aff'd*, 54 F. App'x 793 (5th Cir. 2002) (citing *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 840 (5th Cir.1991) (when jury found no negligence and no unseaworthiness, answers to damage interrogatories were unnecessary); *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir.1987) ("If the district court has correctly found that the jury's answer to a question was supposed to terminate further inquiry is clear and disposed of the legal issues, on review we must ignore the jury's necessarily conflicting answers to any other questions")). *See also Robroy Indus. Inc. v. Schwalbach*, 481 F. App'x 133, 137 (5th Cir. 2012) ("Where the jury has already answered a dispositive interrogatory, superfluous answers may be disregarded"); *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 674 (5th Cir. 2002) (holding that a "district court does not abuse its discretion in reconciling verdicts containing answers to interrogatories that the jury was instructed not to answer, when it . . . disregards the superfluous answers in their entirety").

Here, the Court instructed the jury that the only recoverable damage for Defendant's negligence was the difference in Otto's market value. The jury only found Defendant negligent.

Although the jury awarded additional compensatory damages, the Court will disregard the superfluous answers. The jury may have misunderstood the Court's instructions or awarded additional damages for the fraud it found against Ed and Shona Dufurrena. *See Willard v. The John Hayward,* 577 F.2d 1009, 1011 (5th Cir.1978) ("Even a jury verdict inconsistent on its face is not inconsistent if it can be explained by assuming the jury reasonably misunderstood the instructions."). Plaintiffs' motion for entry of judgment seeking compensation for all compensatory damages is denied.

*Attorneys' Fees*

Plaintiffs argue they are statutorily entitled to attorneys' fees under Civil Practice and Remedies Code Section 38.001(6). Section 38.001(6) states that "a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . killed or injured stock . . ." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(6).

Plaintiffs' complaint did not seek recovery of attorneys' fees under Section 38.001(6). Further, the jury did not make any findings regarding whether Otto was "injured" for purposes of Section 38.001(6). Plaintiffs' request for attorneys' fees is denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Entry of Judgment (Dkt. #132) is hereby **DENIED**. The Court will enter a final judgment consistent with this Memorandum Opinion and Order.

**SIGNED this 26th day of April, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE