# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SHAWN MINSHALL, LISA VICTORIA MINSHALL, LAUREN VICTORIA MINSHALL<br><br>v.<br><br>HARTMAN EQUINE REPRODUCTION CENTER, P.A. | Civil Action No. 4:15-CV-764<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Reconsider Memorandum Opinion and Order Denying Plaintiffs' Motion for Entry of Judgment and Motion to Amend Final Judgment (Dkt. #137). Having considered the pleadings, the Court finds the motion should be denied.

### BACKGROUND

On April 26, 2017, the Court entered a Memorandum Opinion and Order (Dkt. #135) and Final Judgment (Dkt. #136) finding that Plaintiffs' damages were limited to $3,000. As discussed in the Court's Memorandum Opinion and Order (Dkt. #135), the jury returned a verdict in this case on March 7, 2017, finding Plaintiffs proved by a preponderance of the evidence that Defendant's negligence proximately caused Plaintiffs' damages (Dkt. #131, Question 7). The jury found no liability against Defendant as to Plaintiffs claims for violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, fraud, joint enterprise, civil conspiracy, and aiding and abetting (Dkt. #131).

At the conclusion of the evidence, the Court submitted final instructions to the jury providing specific factors for the jury to consider when awarding damages for each specific cause of action (Dkt. #124). The Court instructed the jury that if it found Defendant negligent, in awarding damages it should consider "the difference, if any, in the market value of Otto and the

market value Otto would have had if he had not been HERDA-affected." (Dkt. #124 at p. 23). For the other causes of action Plaintiffs alleged, the Court instructed the jury that it could consider additional factors in determining damages, such as the reasonable and necessary expenses related to foaling, raising, boarding, and training Otto in the past and future and Plaintiffs' lost profits (Dkt. #124 at p. 21-24).

As requested by the parties, the verdict form contained one question regarding compensatory damages (Dkt. #131, Question 14). The question instructed the jury to answer "what sum of money . . . would fairly and reasonably compensate Plaintiffs for their damages, if any, that were a producing or proximate cause of the occurrence in question" (Dkt. #131, Question 14). This question pertained to damages for all alleged causes of action, not just to damages for a finding of negligence (Dkt. #131, Question 14).

On March 7, 2017, the jury found Defendant's negligence proximately caused Plaintiffs' damages, but found Defendant was not liable under any other cause of action (Dkt. #131). The jury awarded damages in the amount of $30,000 for the difference in the market value Otto would have had if he had not been HERDA-affected (Dkt. #131, Question 14). The jury then awarded additional categories of compensatory damages, including the cost of caring for Otto and lost profits (Dkt. #131, Question 14). The jury awarded a total of $163,408 in compensatory damages (Dkt. #131, Question 14). The jury further found that Defendant was ten percent responsible for Plaintiffs' injury (Dkt. #131, Question 19).

On March 30, 2017, Plaintiffs filed a motion for entry of judgment (Dkt. #132). Plaintiffs argued they were entitled to $16,340.80 in damages, or ten percent of the total compensatory damages awarded by the jury. Plaintiffs argued that "notwithstanding the jury instruction on negligence, compensatory damages for economic losses proximately caused by a party's

negligence are available to the prevailing party as a matter of law in Texas." (Dkt. #132 at p. 3). On March 31, 2017, Defendant filed a response stating Plaintiffs were entitled to $3,000 in damages, or ten percent of the difference, if any, in the market value of Otto and the market value Otto would have had if he had not been HERDA-affected (Dkt. #133). Defendant argued this amount was consistent with the Court's instruction to the jury regarding negligence.

On April 26, 2017, the Court held that Plaintiffs were entitled to $3,000 in damages (Dkt. #135). The Court noted that the general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property. *Pasadena State Bank v. Isaac*, 228 S.W.2d 127 (Tex. 1950); *J & D Towing, LLC v. Am. Alternative Ins. Corp.*, 478 S.W.3d 649, 661 (Tex. 2016). The Court noted that while economic damages are also available to a prevailing party in a negligence action, *see Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977), Plaintiffs did not object to the Court's instruction limiting negligence damages to the difference in the market value of Otto (Dkt. #135 at p. 4). The Court further noted that the jury's award of additional compensatory damages was in response to questions the jury should not have answered because the jury only found Defendant negligent and did not find liability under other potential theories of recovery (Dkt. #135 at p. 4).

The Court further denied Plaintiffs' request for attorneys' fees because Plaintiffs' Third Amended Complaint did not seek recovery of attorneys' fees under Texas Civil Practice and Remedies Code § 38.001(6) and the jury did not make any findings regarding whether Otto was "injured" for purposes of Section 38.001(6) (Dkt. #135 at p. 5).

On May 9, 2017, Plaintiffs filed the pending motion to reconsider (Dkt. #137). On May 15, 2017, Defendant filed a response (Dkt. #141).

**LEGAL STANDARD**

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n. 1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). Plaintiffs filed their motion for reconsideration within 28 days of the final judgment; therefore, the motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479). A party is not entitled to a "second bite at the apple" and "a chance to reargue" its previously made,

and rejected, arguments. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002).

## ANALYSIS

Plaintiffs argue that the Court should reconsider the final judgment because Texas law permits recovery of all damages proximately caused by a defendant's negligence (Dkt. #137 at pp. 1–3). Plaintiffs further argue the jury granted damages for the difference in the market value of Otto as well as additional compensatory damages. Essentially, Plaintiffs argue the Court should grant Plaintiffs ten percent of the total compensatory damages award because the jury awarded additional compensatory damages and Texas law permits such damages for a finding of negligence (Dkt. #137 at p. 4–4).

However, as stated in the Court's Memorandum Opinion and Order, the negligence instruction the parties agreed to limited damages for negligence to the difference, if any, in the market value of Otto and the market value Otto would have had if he had not been HERDA-affected. (Dkt. #124 at p. 23). That Plaintiffs could have obtained additional damages under Texas law does not mean Plaintiffs are entitled to damages which they did not request.

Further, the additional damages the jury awarded pertained to causes of actions for which the jury did not find Defendant liable. As Defendant correctly notes, the compensatory damages question instructed the jury to award a sum that would "fairly and reasonably compensate Plaintiffs for their damages, if any, that were a producing or proximate cause of the occurrence in question" (Dkt. #131, Question 14). This question, which the parties agreed to, was not limited to negligence and allowed the jury to award additional compensatory damages, such as lost profits and the cost of caring for Otto, for other causes of action. However, the Court's instructions to the jury limited damages for negligence to the difference in Otto's market value and made clear that other compensatory damages pertained to other causes of action.

Although the jury awarded additional compensatory damages, the jury did not find Defendant liable for the causes of action corresponding to these compensatory damages. As discussed in the Court's Memorandum Opinion and Order, the award of additional compensatory damages were thus superfluous answers contrary to the Court's instructions. Plaintiffs' motion to reconsider the award of $3,000 in damages is therefore denied.

Plaintiffs next argue that the Court should reconsider the denial of Plaintiffs' request for attorneys' fees. "State law applies in determining whether attorney's fees should be awarded in state-law cases." *CK DFW Partners Ltd. v. City Kitchens, Inc.,* 541 F. Supp. 2d 839, 840 (N.D. Tex. 2008). Under Texas law, if a party "pleads a specific ground for recovery of attorneys' fees, the party is limited to that ground and cannot recover attorney's fees on another, unpleaded ground." *Heritage Gulf Coast Props. v. Sandalwood Apts., Inc.,* 2013 WL 5323983 (Tex. App. – Houston [14th Dist.] Sept. 24, 2013, no pet. h.).

Plaintiffs' Third Amended Complaint requested attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001(8) and Texas Business and Commerce Code § 17.50(d) (Dkt. #38 at p. 21). Plaintiffs did not plead an award of attorneys' fees under Texas Civil Practice and Remedies Code § 38.001(6) for killed or injured stock. Further, contrary to Plaintiffs' argument, the jury did not implicitly find that Otto was "injured." The jury found that Plaintiffs suffered damage because of Defendant's negligence. Plaintiffs' motion to reconsider the award of attorneys' fees is therefore denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Reconsider Memorandum Opinion and Order Denying Plaintiffs' Motion for Entry of Judgment and Motion to Amend Final Judgment (Dkt. #137)is hereby **DENIED**.

**SIGNED this 10th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE